Edward M. O’Gorman, J.
Petitioner claims that he is being illegally detained in jail beyond the date on which he was entitled to be released. He is presently detained pursuant to a sentence of 90 days imposed upon him on March 25, 1971 on his plea of guilty to issuing a bad check.
The petitioner’s present confinement commenced on the 16th day of January, 1971, at which time he was committed on charges of criminal possession of a dangerous drug and obstructing governmental administration.
Prior to that date he was free on bail, awaiting disposition of other charges of harassment and of obstructing governmental administration on which he was arrested on November 20, 1970. As a consequence, by the 25th of March, 1971, when the present 90-day sentence was imposed, the petitioner had already spent 69 days in Dutchess County Jail.
On March 25 the petitioner pleaded guilty to the November 20th charge of harassment (a violation) and the violation of loitering, in satisfaction of the charge of possessing a dangerous drug. At the same time, both charges of obstructing governmental administration were dismissed. He was sentenced on both violations to the time he had already served. This “ time ” was 54 days in excess of the maximum period of sentence permitted by law for each of the violations, sentences for which were to run concurrently.
On the same date (March 25, 1971), the petitioner was sentenced to a term of 90 days on the bad check charge, the warrant for which had been lodged against him on January 21, 1971, during his period of confinement in the county jail.
It is the contention of the People that the petitioner is not entitled to have the 54 days which he spent in jail credited against his 90-day sentence, because, it is contended, subdivision 3 of section 70.30 of the Penal Law, which governs the manner in which jail time shall be credited, permits credit only when the charges on which the defendant was detained in jail prior to sentence were either dismissed or resulted in acquittal. In the instant case, while the charge of obstructing governmental administration was dismissed, the charge of criminal possession of a dangerous drug was not dismissed, but rather the violation of loitering was substituted in its place.
The history of those statutes concerned with the calculation of terms of imprisonment shows clearly a steady legislative *588 march toward the goal of eliminating injustices which might result from the harsh application of inflexible rules. This history also demonstrates an increasing awareness on the part of the Legislature of the great sense of injustice felt by those who receive substantially unequal treatment due to technicalities in the law. The courts have been given greater discretion in the imposition of concurrent sentences; the presumption in favor of concurrent rather than consecutive sentences has been enlarged, and limitations have been placed on the imposition of consecutive sentences. Methods of calculating credits have been liberalized (see Practice Commentary, Me Kinney’s Cons. Laws of N. Y., Book 39, §§ 70.25 and 70.30). The present section 70.30 marks a long step forward toward crediting jail time to the sentence of a defendant, where formerly such credit was not available.
In this case, if the charge of the criminal possession of a dangerous drug had been dismissed, along with the charge of obstructing governmental administration, there would be no question, under section 70.30, that the defendant would be entitled to have the time served in jail awaiting disposition on those charges credited to his present offense. However, the court is now asked to deny him this 54-day credit because, instead of the crime charged being dismissed, the crime charged was not pressed, but there was substituted in its place and stead a loitering violation, which is not a crime. Because of this procedure, the court is asked to disregard 54 days which the defendant has spent in jail.
The statutes thus far enacted do not reveal any manifest intention on the part of the Legislature that this result should follow on the facts of this case, and in the light of what appears to be the Legislature’s policy to insure equal treatment of prisoners, I am reluctant to say to this defendant, who has spent to this date 110 days in jail, that he must spend an additional 30 days in jail in order to expiate this 90-day sentence. In these enlightened times, the reasons which require subservience to technicality, where injustice is concerned, ought to be most imperative. I find no such reason present in this case.
If the bad check crime had not been committed, perhaps there would have been no way to remedy the situation which existed on March 25, 1971, but that is no excuse for failing to remedy it now. The court is not free to speculate on why the defendant was not sentenced sooner, and on this record the court can only conclude that the drug charge was reduced to loitering because *589 the prosecutor and the sentencing court concluded that such reduction was appropriate.
The situation which has resulted from the substitution of the violation for the crime charged is substantially the same as the situation which would have resulted had the crime charged been dismissed. Since the .sentence for the loitering violation was to be served concurrently with the sentence for the prior violation, this defendant was not required to serve any more time in jail than if the drug charge had been dismissed. To deny to the defendant at this time a substantial benefit which another defendant would receive under only slightly different circumstances cannot fail to encourage those who criticize our system as being technically incapable of affording justice to the indigent accused.
In the interest of justice, the defendant should now be .set free. To facilitate his release, the within opinion shall be deemed the order of the court and the need to submit such order is dispensed with.