George F. Roberts, J.
Petitioner in the instant habeas corpus proceeding was convicted of burglary in 1964. In February of 1971, he was paroled, but the parole was subsequently revoked on May 3, 1972, and he was declared a delinquent following a hearing on June 29,1972. On December 21, 1972, the petitioner was arraigned on a charge of contempt, at which time a warrant was filed against him and lodged in the institution in which he was being held. In February of 1974, the Appellate Division, First Department (43 A D 2d 400) reversed the action of the Parole Board on the ground that the petitioner had not received due process at the hearing which declared him delinquent, and he was discharged by the board on March 8, 1974. On June 6, 1974, the petitioner was sentenced to a term of one year after conviction on the contempt charge. He now claims that he is entitled to credit for jail time served as a result of his detention for the parole violation and, consequently, that he should therefore be released from custody.
Subdivision 3 of section 70.30 of the Penal Law provides that:
“ In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody.”
In the present case, the Appellate Division reversed the action of the Parole Board in declaring the petitioner a delinquent and remitted for a new hearing, thus voiding the parole revocation. Subsequently) on March 8, 1974, the board itself discharged the petitioner.
Although subdivision 3 of section 70.30 refers only to a “ dismissal or an acquittal,” section 5.00 of the Penal Law states that the * ‘ general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” Therefore, strictly to construe subdivision 3 of section 70.30 to apply only to instances where there has been a dismissal or an acquittal, *212 but not a reversal, would not, in the opinion of this court, ‘ ‘ promote justice and effect the objects of the law.”
In the Matter of Wood v. Quinlan (66 Misc 2d 586 [Sup. Ct., Dutchess County, 1971]), the petitioner was held on drug charges and pleaded guilty on March 25, 1971, after he had spent 69 days in jail, to violations of harassment and loitering in full satisfaction of the drug charges. He was sentenced on both violations for the time already served, which was 54 days in excess of the maximum period of sentence permitted by law for each of the violations. On the same day, he pleaded guilty to-issuing a bad check and was sentenced to a jail term of 99 days. The court decided that the petitioner was entitled to credit against the 90-day sentence of the 54 days and, .since he had already spent 110 days in jail, he was entitled to immediate release. According to the court (p. 588):
“In this case, if the charge of the criminal possession of a dangerous drug had been dismissed, along with the charge of obstructing governmental administration, there would be no question, under section 70.30, that the defendant would be entitled to have the time served in jail awaiting disposition on those charges credited to his present offense. However, the court is now asked to deny him this 54-day credit because, instead of the crime charged being dismissed, the crime charged was not pressed, but there was substituted in its place and stead a loiter^ ing violation, which is not a crime. Because of this procedure, the court is asked to disregard 54 days which the defendant has spent in jail.
“ The statutes thus far enacted do not reveal any manifest intention ori the part of the1 Legislature that this result should follow on the facts of this case, and in the light of what appears to be the Legislature’s policy to insure equal treatment of prisoners, I am reluctant to say to this defendant, who has .spent to this date 110 days in jail, that he must spend an additional 30 days in jail in order to expiate this 90-day sentence. In these enlightened times the reasons which require subservience to technicality, where injustice is concerned, ought to be most imperative. I find no such reason present in this case.” (Cf. Powell v. Malcolm, 44 A D 2d 65 [1st Dept., 1974].)
The court’s reasoning in Matter of Wood v. Quinlan (supra) is no less valid when applied to the instant case and to a situation involving reversal. The People contend, however, that subdivision 3 of section 70.30 was only intended to cover the underlying charge — in this instance, the 1964 robbery conviction— and is not applicable to a parole revocation hearing. In the *213 view of this court, the argument is a specious one, since this is a distinction without a difference. An individual is no less entitled to due process in one case than in the other. The action of the Appellate Division and the subsequent discharge of the petitioner by the Parole Board rendered his detention for violation of parole a nullity, thereby removing any authority to hold him for anything other than the contempt charge for which he was arraigned on December 21, 1972. Now 18 months after the arraignment, the petitioner, having been in custody during this entire period, is entitled to receive credit for time served prior to his conviction and sentence on the contempt charge, the parole detention having been voided.
Consequently, the interests of justice mandate that the petitioner’s writ of habeas corpus be sustained, and such is the order of the court.