■    In the Matter of BURTON JEFFREY, Appellant, v BENJAMIN WARD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondent to credit petitioner with certain additional jail time, the appeal is from a judgment of the Supreme Court, Dutchess County, dated January 6, 1977, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and proceeding remanded to Special Term for a new computation of jail time credit in accordance herewith. No findings of fact were presented for review. On July 20, 1970 petitioner, Burton Jeffrey, was sentenced in Kings County (on charges unrelated to his present incarceration) to a term of imprisonment of five years; the maximum expiration date was January 4, 1975. Petitioner was released on parole on March 27, 1972 and, on September 26, 1973, while still on parole, he was arrested and charged in the Criminal Court, Kings County, with the offenses giving rise to two indictments (Nos. 5843/73 and 5894/73). Petitioner was released on bail on October 1, 1973, but was arrested again on October 3, 1973 pursuant to a parole violation warrant based upon his arrest seven days earlier. His bail was exonerated on November 30, 1973. On June 25, 1974 petitioner was accorded a final revocation hearing, after which it was determined to cancel his delinquency pursuant to "Parole Board Rule 118" (cancellation pending disposition of outstanding charges) (7 NYCRR 1920.10 [a]). The warrant was withdrawn and he was restored to parole on June 27, 1974, on which date he again posted bail and was released. On August 19, 1974 petitioner was again arrested on a parole violation warrant (for an unrelated crime), which warrant was withdrawn on January 8, 1975, following the expiration of the maximum term of petitioner's 1970 sentence. He posted bail on the new charges on January 9, 1975, and was thereupon

released. On December 1, 1975 petitioner entered a plea of guilty to robbery in the second degree in satisfaction of the charges which culminated in his arrest on September 26, 1973, and was sentenced thereon to a term of imprisonment with a minimum of three years and a maximum of six years. On December 16, 1975 petitioner was received at the Clinton Correctional Facility to begin serving his sentence, and was credited with 28 days of jail time consisting of the following three periods: September 26, 1973 to October 1, 1973; January 8, 1975 to January 9, 1975 and November 26, 1975 to December 15, 1975. The issue presented is whether petitioner is entitled to an additional credit of 267 days, representing the period from October 3, 1973 (the date of his arrest pursuant to the parole violation warrant) to June 27, 1974 (the date the warrant was withdrawn and he was restored to parole). In view of the fact that the declaration of delinquency was canceled on June 25, 1974, and the parole warrant withdrawn, we conclude that petitioner is entitled to an additional credit for the period November 30, 1973 (the date bail was exonerated and petitioner was remanded on the charges culminating in the sentence he is presently serving) to June 27, 1974 (the date petitioner was readmitted to bail), Petitioner is not, however, entitled to any credit for the period between October 3, 1973 and November 30, 1973, during which period of time he was not being held in connection with the charges to which he pleaded on December 1, 1975 (see Penal Law, §§ 70.30, subd 3; 70.40, subd 3; Correction Law, § 212, subd 7; cf. *People ex rel. Gambino v Warden of City Prison,* 79 Misc 2d 210). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.